UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAUREN BUXTON,

    Plaintiff,

v.                                              Case No: 6:24-cv-747-JSS-DCI

FULL SAIL, LLC and THE OFFICE
GURUS, LLC,

    Defendants.
_____/

## ORDER

Defendants move to stay this putative TCPA[1] class action pending the Supreme Court's decision in *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, No. 23-1226, 2024 U.S. LEXIS 3060 (Oct. 4, 2024), which granted a petition for writ of certiorari to *True Health Chiropractic, Inc. v. McKesson Corp.*, Nos. 22-15710, 22-15732, 2023 U.S. App. LEXIS 28346 (9th Cir. Oct. 25, 2023). (*See* Dkts. 86 & 89.) Plaintiff opposes the motion. (*See* Dkt. 86 at 9.) For the reasons outlined below, the court denies the motion.

"District courts have unquestionable authority to control their own dockets." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (internal quotation marks omitted). "This authority includes 'broad discretion in deciding how best to manage the cases before them.'" *Id.* (quoting *Chudasama v. Mazda Motor Corp.*, 123

---

[1] Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227.

F.3d 1353, 1366 (11th Cir. 1997)).  Accordingly, courts have "broad discretion over the management of pre[]trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001).  A party moving for a stay "bears the burden of showing good cause and reasonableness." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)).

Defendants' motion to stay does not demonstrate good cause or reasonableness because "a grant of certiorari by the Supreme Court does not in itself change the law" and in similar contexts "other district courts have denied motions to stay." *McCaskill v. Navient Sols., Inc.*, No. 8:15-cv-1559-T-33TBM, 2015 U.S. Dist. LEXIS 187045, at *2–3 (M.D. Fla. Dec. 2, 2015); *accord Heidarpour v. Cent. Payment Co.*, No. 4:15-CV-139(CDL), 2015 U.S. Dist. LEXIS 175276, at *5 (M.D. Ga. Nov. 25, 2015) (denying the defendant's motion to stay the putative TCPA class action pending the Supreme Court's decision in a Ninth Circuit case to which it had granted a petition for writ of certiorari); *cf. Gissendaner v. Ga. Dep't of Corr.*, 779 F.3d 1275, 1284 (11th Cir. 2015) ("refusing to assign precedential significance to grants of certiorari").

Accordingly, the motion to stay (Dkt. 86) is **DENIED**.

**ORDERED** in Orlando, Florida, on November 20, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record