UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAUREN BUXTON, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.                                                                                           Case No: 6:24-cv-747-JSS-DCI

FULL SAIL, LLC AND THE OFFICE
GURUS, LLC,

      Defendants.
_____

**ORDER**

Plaintiff initiated this Telephone Consumer Protection Act (TCPA) action against Defendants. Doc. 32. Pending before the Court is Plaintiff's Discovery Motion. Doc. 88 (the Motion). Plaintiff requests an Order compelling Defendant The Office Gurus, LLC (Office Gurus) to produce documents responsive to Plaintiff's Request for Production Nos. 17, 33, and 34. *Id.* Plaintiff explains that she seeks to certify two classes and has requested class discovery from Office Gurus related to telephone number lists and call records to support her forthcoming motion for class certification. *Id.* Office Gurus opposes the Motion because the requests are premature class discovery and there is a Motion to Dismiss pending and "it would be prudent" for the Court to first decide whether Plaintiff has stated an individual claim. Doc. 91. Office Guru also objects to Request No. 17 as overly broad. *Id.*

With respect to Office Gurus' prematurity argument, the Court entered a Case Management and Scheduling Order (CMSO) with one deadline for discovery. Doc. 69. Indeed, discovery in this case is not bifurcated into "class" and "merits" phases, and though Defendant requested to bifurcate discovery in the Case Management Report, the Court declined that request. *See* Doc. 66;

69. "Although the Eleventh Circuit has stated that [c]ourts may allow class-wide discovery on the certification issue and postpone class-wide certification on the merits, courts may also decline to exercise that discretion." *Eisenband v. Starion Energy, Inc.*, 2017 WL 4685266, at *1 (S.D. Fla. Oct. 17, 2017) (citing *Cabrera v. Gov't Employees Ins. Co.*, 2014 WL 2999206, at *8 (S.D. Fla. July 3, 2014); *Lakeland Reg'l Med. Ctr. v. Astellas US, LLC*, 2011 WL 486123, at *2 (M.D. Fla. Feb. 7, 2011) ("The Court is not persuaded that phased discovery will conserve the resources of the parties or the Court. This is because the line between 'class issues' and 'merits issues' is practically difficult, of not impossible to determine."); *Hines v. Overstock.com, Inc.*, 2010 WL 2775921, at *1 (E.D.N.Y. 2010) ("[C]ourts in this and other circuits have recognized that where discovery reating to class issues overlaps substantially with merits discovery, bifurcation will result in duplication of efforts and needless line-drawing disputes.")).

The Court did not bifurcate the discovery process, discovery is open, and the Court is not otherwise persuaded that Plaintiff's requests relating to the proposed class are premature. Accordingly, the Court rejects Office Gurus prematurity argument. *See Warren v. Credit Pros Int'l Corp.*, 2021 WL 3552254, at *8 (M.D. Fla. Apr. 26, 2021) (finding that a plaintiff in a TCPA case was entitled to receive documents and information related to call logs, transmission summaries, outbound call lists, etc. because the defendant had not moved to bifurcate discovery and the information was relevant to the plaintiff's claims and to the numerosity and commonality requirements of Rule 23).

Also, the Court will not prohibit discovery due to the pendency of Defendant Full Sail's Motion to Dismiss.[1]  No party has moved to stay this action pending resolution of the dispositive

---

[1] Office Guru has "joined" into the Motion to Dismiss. Doc. 67.

motion[2] and, again, discovery is open. Further, stopping the discovery process pending a decision on a motion to dismiss is generally disfavored, "because when discovery is delayed or prolonged it can create case management problems which impede the [c]ourt's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261 (M.D.N.C. 1988)). And the Court notes that it set the deadline for all discovery *after* Defendant Full Sail filed the request for dismissal. Docs. 67, 69.

With respect to Request No. 17, Office Guru produced certain documents but appears to have withheld others related to "Potential Class Members" because the class has not yet been certified. *See* Doc. 88-1 at 8. Since the Court has rejected the prematurity argument, Office Guru is not permitted to withhold documents based on that objection. That said, Office Guru also objected to the request on the basis that Defendant allegedly defined "Telemarking" differently than the TCPA and used other terms that were overbroad and undefined by statute. *Id*. at 7 to 8. Plaintiff does not address this objection and, therefore, it stands.

Based on the foregoing, it is **ORDERED** that:

1. Plaintiff's Motion (Doc. 88) is **GRANTED in part** to the extent that **on or before December 12, 2024**, Office Guru shall (1) produce documents responsive to Requests Nos. 33 and 34; and (2) produce the documents responsive to Request No. 17 that Office Guru withheld based on its prematurity objection;

2. the remainder of the Motion (Doc. 88) is **DENIED**; and

---

[2] Defendants moved to stay pending the Supreme Court's decision in *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, U.S. LEXIS 3060 (Oct. 4, 2024), but the Court denied the request. Doc. 90.

3. the Court finds that payment of reasonable expenses, including attorney fees, incurred in making the Motion is not necessary pursuant to Rule 37(a)(5)(C).

**ORDERED** in Orlando, Florida on November 27, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE